NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CIVIL ACTION NO. 05-CV-77-KKC

CHARLES WILLIAM TYLER                                PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

JOHN REES, ET AL.                                       DEFENDANTS

The plaintiff, Charles William Tyler, is currently confined in the Eastern Kentucky Correctional Complex ("EKCC") in West Liberty, Kentucky. He has filed a *pro se* civil rights action which he states falls under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). As the plaintiff names as defendants individuals who acted under color of state law, not federal law, the Court determines that the complaint in large part actually falls under 42 U.S.C. §1983, not *Bivens*.[1]

The plaintiff has filed a motion to proceed *in forma pauperis* [Record No. 2]. The Court will address that motion by separate Order.

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second, he must show that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City*

---

[1] To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

*of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

## CLAIMS

The plaintiff is serving a state sentence imposed by the Marion Circuit Court in 2001.  The plaintiff alleges that the named defendants have denied him due process of law in violation of the Fourteenth Amendment of the United States Constitution.  He alleges that his state sentence, which he is now serving, was designated to run concurrent with a federal sentence in existence at the time the Marion Circuit Court sentenced him.  He claims that his state sentence has, however, been implemented to run consecutive to his prior federal sentence.  He alleges that the named defendants have failed to ensure that his state sentence runs concurrent with his federal sentence.

## DEFENDANTS

The plaintiff names eight defendants:  (1) John Rees, Commissioner of the KDOC; (2) Vertner Taylor, former Commissioner of the KDOC; (3) David D. Alexander, Manager of the Offender Records Section of the KDOC; (4) Geraldine Glass, former Manager of the Offender Records Section of the KDOC; (5) Douglas M. George, Judge, Marion Circuit Court; (6) Barry Bertram, Marion County Commonwealth Attorney; (7) J. Timothy Cocanougher, Marion County Assistant Commonwealth Attorney; and (8) Steve Mirkin, "Kentucky Assistant Public Advocate."

RELIEF REQUESTED

The plaintiff seeks injunctive relief in the form of an order directing the KDOC to designate his state sentence as running concurrent to his federal conviction, not consecutive. He also seeks an order directing the KDOC to turn him over to federal authorities and to recalculate his state sentence. The plaintiff also seeks approximately $575,000.00 in damages from each defendant.

ALLEGATIONS OF THE COMPLAINT

The plaintiff states that in September, 2000, the Kentucky Court of Appeals vacated his "PFO and sentence."[2] [Complaint, p. 3] He states that in July, 2001, he pled guilty to the PFO in exchange for the concession that his state sentence should run concurrent to a previously imposed federal sentence.[3] The plaintiff states that when Defendant Douglas George, the Marion Circuit Court Judge, accepted the plea agreement on July 17, 2001, he "changed the wording and ran the sentence concurrent with any sentence that the plaintiff is now serving." [*Id*.][4] Plaintiff alleges that Judge George should have ensured that his (plaintiff's) state sentence ran concurrent with his previously imposed federal sentence. The plaintiff also alleges that Judge George improperly delegated to the KDOC the task of calculating credits to his state sentence.

He further complains that Steve Mirkin, the attorney employed by the Kentucky Department

---

[2] The plaintiff's reference to "PFO" most likely means "Persistent Felony Offender."

[3] The plaintiff provides no information in the complaint about his federal conviction, such as the offense or in what court it was rendered. In an attachment to the complaint, a letter dated September 11, 2001, to Defendant Glass, the plaintiff states that he received a twenty-two-year sentence in federal court. He states that was in federal custody from March, 1980, until December, 1992.

[4] The plaintiff probably meant to say that Judge George ordered his state sentence to run *consecutive* to his federal sentence.

3

of Public Advocacy who represented him in his 2001 plea negotiations, has refused to assist him and has "left him to fend for himself." [*Id*.] He states that in an attempt to resolve the matter, he wrote a letter to Geraldine Glass, then-Manager of Offender Records at the KDOC, and to Vertner Taylor, then-Commissioner of the KDOC. He states that he also filed several motions in the Marion Circuit Court asking Judge George to correct the sentencing error, but that Judge George has denied every motion filed pertaining to the plea agreement. The plaintiff does not indicate that he appealed the denial of any of those motions.

## DISCUSSION
### A. §1983 Claims Against Defendants

The Court must dismiss the plaintiff's § 1983 claims seeking damages in light of the holding in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under §1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid "unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. Furthermore, the claim is not cognizable and must be dismissed whether the plaintiff seeks to obtain monetary damages or to attack the validity of his confinement. *Id*. at 487; *see also Preiser v. Rodriguez*, 411 U.S. 475, 488-90, 93 S. Ct. 1827 (1973).[5]

The plaintiff has not alleged that his 2001 conviction in Marion Circuit Court has been

---

[5]

*See also Akers v. Bishop*, 65 Fed. Appx. 952, 954 (6th Cr. (Ky.) May 2, 2003) (not selected for publication in the Federal Reporter) (where the plaintiff pled guilty to charges he claims were procured through a conspiracy among the defendants, and where the convictions had not been reversed or declared invalid, the plaintiff could not sue for damages in a civil rights or RICO action).

4

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, these claims will be dismissed without prejudice.

The *Rooker-Feldman* doctrine also bars any recovery for damages. This doctrine, "a combination of the abstention and *res judicata* doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). To the extent the plaintiff challenges the results of his state court conviction, this Court lacks jurisdiction over his claims. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S. Ct. 1303 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149 (1923). "Federal courts must give 'full faith and credit' to the judicial proceedings of state courts." *Gottfried v. Medical Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir.), *cert. denied*, 525 U.S. 1041 (1998), (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 85 (1984)).

In order for the plaintiff to prevail in this action, he would have to show that the state courts erred by affirming his PFO conviction. The plaintiff has not made this showing.[6] Because the plaintiff's federal claims can only succeed to the extent that the state courts were wrong, his claims are inextricably intertwined with the state court decisions. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S. Ct. 1519 (1987) (Marshall, J., concurring). Accordingly, the Court lacks jurisdiction over the plaintiff's claims. *See Feldman*, 460 U.S. at 486; *Rooker*, 263 U.S. at 416.

---

[6] The plaintiff does not allege that he filed an appeal of his 2001 sentence, although it is likely that the plaintiff waived his appeal rights as one of the negotiated terms of the plea agreement.

B.  Construed §2254 Habeas Claim

In his pending complaint, the plaintiff seeks injunctive relief in the form of an order directing the KDOC to designate his state sentence as running concurrent to his prior federal sentence. Summarized, he seeks a credit toward his current state sentence for time he has already served in federal custody. To that extent, the complaint is construed as a petition seeking habeas corpus relief under either U.S.C. §2254 or 28 U.S.C. §2241.

Under either statute, the plaintiff was required to have exhausted his state court remedies, which he failed to do.[7] *See Urbina v. Thoms,* 270 F.3d 292, 295 n. 1 (6th Cir.2001) (recognizing exhaustion requirement for petitions filed under 28 U.S.C. §2241); 28 U.S.C. §2254(b)(1)(A). The plaintiff states that he filed several post-conviction motions in the Marion Circuit Court, which were denied. He does not inform the Court if he filed a motion under Kentucky Rule of Criminal Procedure 11.42 collaterally attacking the judgment, which was a remedy available to him. *Commonwealth v. Marcum*, 873 S.W.2d 207, 210-211 (Ky.1994). Whatever the petitioner filed in the trial court, he does not indicate that he appealed any of these ruling to the Kentucky Court of Appeals or, having lost there, sought permission for review in the Kentucky Supreme Court.

The Kentucky Supreme Court has held that "ordinarily the [state] writ [of habeas corpus] will

---

[7]

A similar analysis existed *Collins v. Million*, 121 Fed. Appx. 628 (6th Cir. (Ky.) January 31, 2005) (Not selected for publication in the Federal Reporter). Prisoner Collins challenged the validity of a 15-year sentence resulting from the consecutive running of two 7 1/2-year sentences. He did not specify in his habeas petition the federal statute under which he sought relief. This Court construed his petition as one properly brought under 28 U.S.C. §2254. Collins argued that his challenge was to the execution of his sentence, and was therefore properly brought under 28 U.S.C. §2241. The Sixth Circuit declined to decide this question because it determined that under either of these statutes, Collins was first required to have exhausted his state court remedies. *Id* at 630.

not be granted where there is another adequate remedy." *Marcum*, 873 S.W.2d at 210. *See also Seaton v. Kentucky*, 92 Fed. Appx. 174, 175 (6th Cir. (Ky.) February 3, 2004) (Not selected for publication in the Federal Reporter), in which the prisoner complained that the Kentucky Parole Board erred in denying him parole. The Sixth Circuit concluded that because Seaton had never challenged the Parole Board's decision by filing a mandamus action in the state courts, his habeas petition was properly dismissed for failure to exhaust state court remedies. " If such a remedy may be available, exhaustion is not deemed to be complete. *Brewer v. Dahlberg*, 942 F.2d 328, 340 (6th Cir.1991)." *Seaton v. Kentucky*, 92 Fed. Appx. at 175.

The plaintiff is advised that his claims (under either U.S.C. §2254 or 28 U.S.C. §2241), even if exhausted, would most likely fail on other grounds. Despite the plaintiff's claim to the contrary, his claim is solely that his sentence was calculated in violation of state law. *See* 28 U.S.C. §2241(c)(3); 28 U.S.C. §2254(a). Federal courts have no general power to compel action by state officers, including state judicial officers. *Davis v. Lansing*, 851 F. 2d 72, 74 (2nd Cir. 1988); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986); *More v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275,1276 (5th Cir. 1973) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).

The plaintiff's construed habeas corpus claims (under either 28 U.S.C. §2254 or §2241) will therefore be dismissed without prejudice to the plaintiff's exhaustion of those claims.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The Clerk of the Court is directed to reclassify this action as one falling under 42 U.S.C. §1983.

(2)    This action is **DISMISSED** without prejudice, *sua sponte*.

(3)    Judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

Dated this 10th day of February, 2006.

Signed By:
*Karen K. Caldwell*  KKC
**United States District Judge**